UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-CV-23431-MARTINEZ/OTAZO-REYES

ENRIQUE PERERA GINER and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

UNLIMITED ELECTRICAL
CONTRACTORS CORP., SALIM
MOHAMMED SHEHADEH,

    Defendants
    _____/

## DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES

Defendants, Unlimited Electrical Contractors Corp. and Salim Mohammed Shehadeh, respectfully answer and defend against the Complaint [ECF No. 1] of Plaintiff, Enrique Perera Giner, as follows:

1. Admitted only Plaintiff purports to bring a claim under the Fair Labor Standards Act (FLSA). Denied any such claim is valid.

2. Admitted Plaintiff represented he was a Miami-Dade resident but without knowledge as to whether this was true when this dispute arose; denied any valid dispute exists or that Defendants violated the law in any way alleged in this lawsuit.

3. Admitted.

4. Denied.

5. No acts or omissions giving rise to any FLSA dispute with Plaintiff ever occurred; therefore, Defendants deny this paragraph.

## COUNT I. FEDERAL OVERTIME WAGE [ALLEGED] VIOLATION

6.	Admitted only Plaintiff purports to bring a claim arising under the laws of the United States; otherwise, otherwise denied.

7.	Admitted this Court has jurisdiction over FLSA claims; otherwise denied.

8.	Admitted only this appears to quote from the cited statute, but denied that Defendants have violated the statute or have any liability to Plaintiff under the cited statute. To the extent not otherwise addressed, this paragraph is denied.

9.	Denied; however, admitted Plaintiff worked for Unlimited Electrical Contractors Corp. from November 12, 2015, to September 15,2017.

10.	Denied. Individual FLSA coverage does not exist.

11.	Denied as phrased, but admitted for purposes of Plaintiff's claim that Unlimited Electrical Contractors Corp. is subject to enterprise coverage under the FLSA.

12.	Admitted.

13.	Admitted.

14.	Denied.

15.	Denied.

## AFFIRMATIVE DEFENSES

1.	Plaintiff's claims are barred in whole or in part by the exemptions, exclusions, and credits provided for under the FLSA and the regulations promulgated thereunder.

2.	Defendants deny any violation of the Fair Labor Standards Act occurred, however, if any violation did in fact occur such violation was entirely inadvertent and not

willful. Accordingly the two year limitation prescribed in 29 U.S.C. § 2255 applies, rather that the three year limitation that would apply for a willful violation.

3. The Plaintiff is not entitled to liquidated damages, even if he can prove a violation of the law, because any acts or omissions giving rise to Plaintiff's claims were undertaken or made in good faith, and the Defendants had reasonable grounds for believing their acts or omissions did not violate the law.

4. Plaintiff's claims are barred in whole or in part due to the de minimus doctrine.

5. Defendants seek reimbursement or set-off for any damages the Plaintiff has received from other parties. This includes severance pay to the Plaintiff, unemployment benefits received from the State of Florida, Workers' Compensation Benefits and all other wage replacement benefits provided to the Plaintiff by any source.

6. Salim Mohammed Shehadeh does not qualify as Plaintiff's employer for purpose of individual liability under the Fair Labor Standards Act.

7. Plaintiff's claims are barred in whole or in part by the unclean hands doctrine.

8. Defendants have tendered and/or paid all monies owed to Plaintiff in accordance with all applicable laws, including but not limited to all overtime and minimum wages which may be due under the FLSA and/or Florida law.

9. To the extent Plaintiff is entitled to overtime pay, Plaintiff has waived any right to any overtime pay he now seeks as a result of his direct violation of all policies and procedures for reporting overtime hours worked. *See, e.g.*, *White v. Baptist Mem'l Healthcare Corp.*, 699 F.3d 899 (6th Cir. 2012).

300530490v1 1002494

10. To the extent Plaintiff was entitled to overtime wages or minimum wages under the FLSA and the regulations promulgated thereunder, Plaintiff's claims for overtime wages and minimum wages are barred in whole and in part because Defendants did not have actual or constructive knowledge that Plaintiff was working the hours Plaintiff claims, including any overtime hours.

11. To the extent Plaintiff claims any travel time, Plaintiffs' claims are barred under the Portal to Portal Act.

12. Plaintiff cannot satisfy the requirements of a collective action under the Fair Labor Standards Act ("FLSA") and some or all of the claims asserted in the Complaint are barred because Plaintiff is not similarly situated to the group of individuals he purports to represent, the existence of which is expressly denied, and/or the members of the group of individuals Plaintiff purports to represent, the existence of which is expressly denied, are not similarly situated to each other.

13. Plaintiff is not an adequate purported representative of some or all of the alleged group of individuals whom he purports to represent, the existence of which is expressly denied.

14. The types of claims alleged by Plaintiffs on behalf of themselves and the group of individuals which they purport to represent, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for collective treatment.

15. Some or all of the claims asserted in the Complaint are unsuitable for collective treatment because the prosecution of separate actions by members of the group of individuals Plaintiffs purport to represent, the existence of which is expressly

300530490v1 1002494

denied, would not create a risk of adjudications with respect to proposed collective action members which would as a practical matter be dispositive of the interests of the other proposed collective action members not parties to the adjudications, or substantially impair or impede their ability to protect their interests

16. Some or all of the claims asserted in the Complaint are barred because a collective action is not superior to other available methods for the fair and efficient adjudication of this controversy.

17. This action is barred to the extent Plaintiff seeks recovery for time that does not constitute compensable hours worked under the FLSA.

18. The Plaintiff's claims are estopped by the submission of his own time records, for which Defendants compensated him properly under the requirements of the FLSA for all time worked and claimed.

19. Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

Defendants expressly reserve the right to amend, delete, and/or add additional defenses as discovery in this matter continues. Defendants also respectfully request an award of fees and costs to the extent permitted by law.

## JURY TRIAL DEMAND

Defendants request a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: J.H. Zidell, Neil Tobak, and Rivkah F. Jaff,

Esqs., J.H. Zidell, P.A., 300 71st Street, Suite 605, Miami Beach, Florida 33141, zabogado@aol.com, ntobak.zidellpa@gmail.com, rivkah.Jaff@gmail.com.

        s/Daniel A. Krawiec
Daniel A. Krawiec
Florida Bar No. 59136
dkrawiec@hinshawlaw.com
Thaddeus A. Harrell
Florida Bar No. 109108
tharrell@hinshawlaw.com
HINSHAW & CULBERTSON LLP
One East Broward Boulevard, Suite 1010
Ft. Lauderdale, FL 33301
Telephone: 954-467-7900
Facsimile: 954-467-1024
Secondary: ablitz@hinshawlaw.com
Attorneys for Defendants